dicial if there is clear evidence of the defendant's guilt (*People v. Haygood* (1965), 60 Ill.App.2d 70) or if they reasonably could not have affected the verdict (*People v. Weisberg* (1947), 396 Ill. 412).

██ The evidence in the present case did not warrant the instruction on flight nor can it be excused on the ground that the evidence of guilt was overwhelming. Other than leaving the scene of the crime there was no testimony that Brown concealed himself, fled the jurisdiction or evaded arrest. The instruction was especially unfair to the defendant. The State knew, and the trial court was aware from the testimony at pre-trial motions, that Brown continued to live at his home, worked at his regular occupation and voluntarily telephoned the police when he learned he was wanted for questioning.

The judgment is reversed and the cause is remanded for a new trial.

Reversed and remanded.

McGLOON, P. J., and McNAMARA, J., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EVERETT RHODES, Defendant-Appellant.

(No. 54716;

First District—February 10, 1972.

Opinion by Mr. JUSTICE DEMPSEY.

Gerald W. Getty, Public Defender, of Chicago, (Herbert Becker and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert Novelle and Robert L. Best, Assistant State's Attorneys, of counsel,) for the People.